HOBSON, Justice
(dissenting).
The amended information in this case charges that appellee, on the 25th day of December, 1955, in Escambia County, Florida, had carnal intercourse with the complaining witness, -who was an unmarried female person under the age of 18 years and of previous chaste character “in that she had never had carnal intercourse with any person, except with the said Lorin Capps [appellee] in the State of Virginia within one year prior to the 25th day of December, 1955 * * •*.” The trial court quashed this information on its own motion, holding that it was apparent from the allegations of the amended information that the prosecutrix was not of previous chaste character at the time of the alleged offense and that the amended information therefore did not charge an offense under the laws of Florida.
The State appeals from the ruling of the trial court, contending the fact that the prosecutrix had had previous carnal intercourse with appellee in another jurisdiction would not make her character unchaste as to appellee. In Hunter v. State, 85 Fla. 91, 95 So. 115, we decided that a conviction of statutory rape should not be set aside, notwithstanding proof that the defendant-had had intercourse with the victim at a time previous to that charged in the information, since it was also proved in the case that the previous act or acts of intercourse had taken place within the period of the statute of limitations, and within the jurisdiction of the court. In the case before us, the previous act of intercourse took place within the statute of limitations, but in another state. The State urges that this single difference is insufficient to justify the result reached in the instant case, and that the Hunter case should be read as controlling herein.
In the Hunter case it was pointed out, particularly in the concurring opinion of Mr. Justice Whitfield, that in an information for statutory rape the allegation of the precise time is not material and a different date from that alleged in the indictment, so long as it is within the statute of limitations, may be proved at the trial as the date upon which the crime was committed. From this it followed that the earlier act or acts could be proved and could form a sufficient basis for conviction. In the majority opinion, however, we laid down a broader principle in the following language:
“The defendant, upon a charge of this kind, should not be permitted to assert that the female person named did not upon the date alleged possess the virtue of chastity because he had upon a previous date, prior to the return of the indictment, and within the statute of limitations, robbed her of it, and upon that theory demand that he be discharged by a court whose function it is to administer justice.” Hunter v. State, supra, 95 So. 115, 116.
Under this statement it would be no extension of the Hunter case to hold, as I believe we should, that the information in the case now before us is sufficient. It appears to me that the Hunter case is sound in broad principle, that the technical point therein discussed is unnecessary to the result reached, and that the facts of *747 the instant case cannot be distinguished from those of the Hunter case upon any substantial basis. The fact that appellee may have chosen another jurisdiction in which to rob the prosecutrix of her chastity should not be permitted to shield him in these proceedings.
I am, therefore, constrained to dissent from the result reached by the majority in this case. I would reverse the judgment appealed from and remand the case for further proceedings not inconsistent herewith.
THOMAS and ROBERTS, JJ., concur.